# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

No. 18-11093
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IKEEM SHAW, also known as Luke,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-175-26

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ikeem Shaw appeals the revocation of his supervised release. He argues that his right to confront adverse witnesses was violated when the district court allowed a police detective to testify about the out-of-court statements of three witnesses. As Shaw did not object to this evidence in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11093

A defendant in a revocation proceeding has a qualified right under the Due Process Clause to confront and cross-examine adverse witnesses unless the district court finds good cause for not permitting confrontation. *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1996); *see also* FED. R. CRIM. P. 32.1(b)(2)(C). When determining whether to admit hearsay evidence, the court "balances the releasee's interest in confronting a particular witness against the government's good cause for denying it, particularly focusing on the indicia of reliability of a given hearsay statement." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994) (internal quotation, alteration, and citation omitted).

Even if we assumed that the district court committed clear or obvious error when it did not engage in the balancing test despite Shaw's failure to object, Shaw has not shown that any error affected his substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). The record contains sufficient evidence besides the alleged hearsay to support a finding that Shaw violated his supervised release. Thus, Shaw has failed to demonstrate reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.